Chen v. Sessions

BIA
Vomacka, IJ
A200 933 596

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT:
JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

YONG CHEN,
*Petitioner,*

v.                                              15-649
                                                NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*[1]

_____

FOR PETITIONER:          Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         C. Payne, Assistant Director; Raya

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED IN PART and DISMISSED IN PART.

Petitioner Yong Chen, a native and citizen of the People's Republic of China, seeks review of a February 9, 2015, decision of the BIA, affirming a May 7, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Yong Chen,* No. A200 933 596 (B.I.A. Feb. 9, 2015), *aff'g* No. A200 933 596 (Immig. Ct. N.Y. City May 7, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

## I. CAT Relief

Initially, we note that we lack jurisdiction to consider Chen's challenges to the denial of CAT relief: Chen did not specifically contest the denial of CAT relief before the BIA, and the BIA did not excuse his failure to exhaust. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006). We therefore dismiss the petition for lack of jurisdiction as it relates to the denial of CAT relief.

## II. Asylum & Withholding of Removal

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility

3

ruling." *Xiu Xia Lin*, 534 F.3d at 167.  As discussed below, substantial evidence supports the adverse credibility determination.

The adverse credibility determination was properly based on the implausibility of Chen's account concerning his first attempt to travel to the United States.  Chen also omitted this trip from his original application.  "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007).  Such a finding cannot be based on "bald speculation or caprice." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).  But one that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).  Here, common sense supports the IJ's inference: it strains credulity that Chen would leave China for a six-week period quite soon after

4

he began attending house church services, yet never indicate that he left because he feared persecution or wanted to practice Christianity more freely in the United States. It also strains credulity that Chen would omit this trip from his original application's description of his practice of Christianity in China, given that he accompanied a fellow underground church member, and the trip falls squarely within the timeline of relevant events (i.e., one month after he joined the house church and two months before his arrest at the house church gathering).

The agency also reasonably rested its credibility determination on the inconsistency concerning who introduced Chen to Christianity. Both Chen's application and his father's letter asserted that Ye Dahaun, Chen's coworker, introduced Chen to Christianity. Chen testified, however, that another co-worker, Ye Qiang, also introduced him to Christianity. When asked why neither his application nor his father's letter mentioned Ye Qiang, Chen responded that Ye Qiang had passed away and that he just did not want to mention him. The agency did not err in rejecting this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner 'must do more than

5

offer a "plausible" explanation for his inconsistent statements to secure relief; "he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." ' " (quoting *Zhou Yun Zhang*, 386 F.3d at 76)).

The agency also reasonably relied on the inconsistency between Chen's testimony and evidence concerning Chen's church attendance in the United States. Chen testified that he attended church services every Sunday. To corroborate his church attendance, Chen submitted two letters from his second U.S. church. The first letter stated that Chen attended Sunday Service *regularly* from September 2010 to January 2011. The second letter, however, stated that Chen attended Sunday Service *occasionally* from January 2011 to February 2013. When confronted with this decrease in attendance, Chen explained that although he attended church every Sunday, he would occasionally arrive late, and was therefore not processed in the system. The IJ reasonably rejected this explanation as unconvincing, and found it suspect that Chen's church attendance appeared more devoted at the beginning of the asylum process.

6

Having questioned Chen's credibility, the agency reasonably relied on his failure to corroborate. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (observing that an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into question). The agency correctly observed that Chen had not submitted any documentary evidence to corroborate his arrest and detention in China. Although Chen testified that his father received a receipt for paying the 10,000 RMB fine, but that he just somehow lost it, the IJ reasonably found implausible that his father would have lost *that* receipt but managed to retain and send to Chen far less relevant documentary evidence. *See* 8 U.S.C. § 1252(b)(4)(D); *Kyaw Zwar Tun v. U.S. Immigration & Naturalization Serv.*, 445 F.3d 554, 563 (2d Cir. 2006). Chen also submitted no evidence to corroborate his church attendance in the United States for the first six months after his arrival and could not recall the name of the pastor of his first United States church.

Given the inconsistencies identified, as well as Chen's failure to corroborate, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because claims for asylum and withholding of removal were based on the same factual predicate, the adverse credibility determination is dispositive of both claims. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore deny Chen's petition as it relates to the denials of asylum and withholding of removal.

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8